BARNEY HABERMAN, Respondent, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.

Second Department, July 24, 1930.

*John P. Carson* [*Robert H. Charlton* with him on the brief], for the appellant.

*James A. Doherty* [*Abraham Jame* with him on the brief], for the respondent.

TOMPKINS, J. Barney Haberman, the plaintiff, respondent, was employed by one Gottesman, the owner of the Parkville Plumbing Company, Inc., to do some work on a building which was being erected by one Pasquale Ciccone, as contractor. While so engaged, on February 7, 1928, the plaintiff was injured in an accident due to the negligence of the said Ciccone, and as a result his right leg was amputated and he was confined in a hospital for a long period of time.

The defendant, appellant, the Hartford Accident and Indemnity Company, insured Haberman's employer, the Parkville Plumbing Company, Inc., as to workmen's compensation, and also insured Ciccone, the contractor, as to general liability in the sum of $10,000. While the plaintiff Haberman was in the hospital, the defendant, appellant, expended $2,185.45 for medical expenses under and pursuant to the terms of the said workmen's compensation policy of insurance which Haberman's employer, the Parkville Plumbing Company, Inc., held, and which payments were made pursuant to the requirements of section 13 of the Workmen's Compensation Law (as amd. by Laws of 1927, chap. 553), which section is in part as follows: " The liability of an employer for medical treatment as herein provided shall not be affected by the fact that his employee was injured through the fault or negligence of a third party, not in the same employ, unless and until notice of election to sue or the bringing of suit against such third party. The employer shall, however, have an additional cause of action against such third party to recover any amounts paid by him for such medical treatment, in like manner as provided in section twenty-nine of this chapter."

After the plaintiff had been in the hospital for some time, he filed his election to sue the third party, namely, Ciccone, for negligently causing his injuries. On the trial of the negligence action, the plaintiff, respondent, obtained a verdict against Ciccone for $35,000, and a judgment for that amount and costs was entered against Ciccone. The defendant, appellant, under its policy of general liability insurance issued to Ciccone, defended said action on behalf of Ciccone, and took an appeal from said judgment, which was affirmed. (*Haberman* v. *Ciccone*, 228 App. Div. 631.) At the trial the plaintiff, respondent, made no claim for and offered no proof of any payment made or obligation incurred for medical or hospital service. These expenses had been paid by the defendant, appellant, under its policy of workmen's compensation insurance issued to the plaintiff's employer, the Parkville Plumbing Company, Inc.

When the plaintiff elected to sue Ciccone, his employer, the Parkville Plumbing Company, Inc., through the defendant, appellant, the company that issued the policy of compensation insurance, had its right under section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499) against Ciccone, who was insured under a liability policy by the same defendant company. Under that section, in the event that the employee elects to take compensation rather than to proceed against the third party, the awarding of compensation shall operate as an assignment of the cause of action against the third party for the benefit of the State insurance fund, if compensation is payable therefrom, and otherwise to the person, association, corporation or insurance carrier liable for the payment of such compensation.

After the judgment was obtained against Ciccone for $35,170.91, he went into bankruptcy and the execution of the judgment was returned unsatisfied. The plaintiff then brought an action against the defendant on the policy of insurance issued to Ciccone. The defendant counterclaimed for the sum of $2,185.45, the amount paid by it for hospital and medical expenses, in pursuance of section 13 of the Workmen's Compensation Law. A motion for summary judgment for the recovery of $10,000, the amount of the insurance policy issued to Ciccone, was made, claiming that, inasmuch as the plaintiff did not, in his action against Ciccone, make claim for his medical and hospital expenses, and his judgment for $35,000 was for his personal injuries only, this sum of $2,185.45 should not now be deducted from the amount of the policy of $10,000. The plaintiff could not have recovered in his action for the hospital and medical expenses inasmuch as he had not paid them; and because they were paid by the defendant as insurer of the plaintiff's employer, the employer, through the defendant as the insurer, had

a cause of action against Ciccone under sections 13 and 29 of the Workmen's Compensation Law to recover for these payments. But, not having brought an action and reduced its claim to judgment and not having issued an execution which was returned unsatisfied, the Parkville Plumbing Company, Inc., through its insurer, the defendant, now has no claim on the $10,000 fund. The defendant's claim that to bring an action on behalf of the employer, insured in the defendant company, against Ciccone, also insured in the defendant company, would be like taking money out of one pocket and putting it into another, and that it has the same rights now as it would have had if it had brought such an action, is unsound.

Section 109 of the Insurance Law (as amd. by Laws of 1924, chap. 639) provides in part as follows: " Standard provisions for liability policies. No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, or, against loss or damage to property caused by animals or by any vehicle drawn, propelled or operated by any motive power, and for which loss or damage the person insured is liable, shall be issued or delivered in this State by any corporation or other insurer authorized to do business in this State, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death result from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against such corporation under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy."

The defendant has no right to prefer a claim which it paid as insurer for the employer against the $10,000 policy which it issued to Ciccone, and take that sum out of the fund in priority to the judgment which the plaintiff obtained against Ciccone for $35,000, the execution of which was returned unsatisfied. Had the said employer, through the defendant insurer, brought an action against Ciccone, also insured by the defendant, to recover the hospital and medical expenses of $2,185.45 and reduced it to judgment and issued execution thereon, and had the execution been returned unsatisfied, the defendant would then have been entitled to pay itself from the $10,000 insurance fund to reimburse itself for the payment it made under the employer's workmen's compensation insurance

policy, provided said judgment was obtained before the judgment was recovered by the plaintiff against Ciccone and execution issued and returned unsatisfied. A mere claim, however, cannot have precedence over the plaintiff's judgment.

A different rule applies in the case of motor vehicles, which is covered by section 17 of the Vehicle and Traffic Law. There, where an execution is issued and returned unsatisfied, actions can be brought against the insurer, and in case of more than one judgment the amount of the bond is prorated among all claimants, and the courts have held that an action in equity to apportion the amount is the proper procedure and that claimants have a reasonable time within which to prosecute their claims and reduce them to judgment.

There is apparently no similar statute applying to the case at bar. Here, we have but one judgment creditor, namely, the plaintiff. There was not even a claim in litigation by the employer against Ciccone to recover for the hospital and medical expenses paid by it in accordance with the provisions of the Workmen's Compensation Law, prior to the election of the plaintiff to proceed against Ciccone. The plaintiff has not attempted to recover for these disbursements, and his cause of action against Ciccone did not include a claim therefor.

The order and judgment, in so far as appealed from, should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, KAPPER, SCUDDER and TOMPKINS, JJ.

Order and judgment, in so far as appealed from, unanimously affirmed, with costs.